**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE:** | CASE NO. 4:26 CV 773 |
| **RICARDO ANTONIO GIL MARTINEZ**, | |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **WARDEN, NORTHEAST OHIO** **CORRECTIONAL CENTER**, | |
| Respondent. | **ORDER OF DISMISSAL** |

Avendano Astorga Ana Lucia filed this *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 on behalf of her husband, Ricardo Antonio Gil Martinez. (Doc. 1). Lucia is not an attorney but claims to be filing this Petition as "Next Friend" of Martinez, who is currently detained in the custody of Immigration and Customs Enforcement ("ICE") at the Northeast Ohio Correctional Center. *See id.* at 3. Lucia contends Martinez is a citizen of Venezuela. *Id.* at 1. She alleges he has been detained without bond since January 28, 2026, despite multiple requests to the Immigration Court. *Id.* She indicates Martinez has a pending asylum case because he was a government official in Venezuela and fears for his safety if he is returned to Venezuela. *Id.* She asks this Court to order the Respondent to justify Martinez's continued detention and order the Immigration Court to conduct a bond hearing. *Id.* at 2. In the alternative, she asks this Court to order Martinez to be released under reasonable supervision. *Id.*

As a threshold matter, this Petition is not properly before the Court. A habeas petition must be "signed and verified by the person for whose relief it is intended or by someone acting in his

behalf." 28 U.S.C. § 2242. The Federal Civil Rules allow for "[a] minor or an incompetent person who does not have a duly appointed representative" to bring a lawsuit, including a habeas petition, by a guardian ad litem or next friend. Fed. R. Civ. P. 17(c)(2). The term "incompetent person" in Rule 17(c) refers to "a person without the capacity to litigate." *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990), *aff'd*, 32 F.3d 566 (5th Cir. 1994), *cert. den.*, 513 U.S. 1167 (1995). Next friends appear in court on behalf of persons who are unable to seek relief themselves, usually because of mental incompetence. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).

In order to act on another person's behalf, a putative next friend must demonstrate the other person is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate." *Id.* at 163; *see also West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The putative next friend must clearly establish "the propriety of [her] status" in order to "justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164. Standing to proceed as next friend "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. at 163.

Here, Lucia must "demonstrate, not simply assert," Martinez is incapable of litigating his own case. *See West*, 242 F.3d at 341. She, however, merely states that Martinez "is detained and unable to file this Petition on his own." (Doc. 1, at 2). That alone is not enough to meet her burden to demonstrate she has standing to pursue Martinez's claims on his behalf. All persons seeking habeas relief under § 2241 are in custody. Detention itself does not render a person incompetent. Martinez is not a minor, and there is no indication he has a disability that deprives him of the legal capacity to sue on his own behalf. Lucia fails to satisfy the requirements of Rule 17(c) because she

has neither made a threshold showing of Martinez's incompetence nor alleged that he has ever been adjudicated incompetent. She cannot proceed as a next friend of Martinez.

Moreover, even if this Court had granted her next friend status, Lucia could not proceed as a *pro se* litigant. She would have to retain counsel for Martinez. "[A] non-lawyer cannot serve as a 'next friend' unless she, herself, is represented by counsel." *Randleman, Next Friend of Swain v. Sullivan*, 2026 WL 391153, at *1 (N.D. Ohio); *see also Bass v. Leatherwood*, 788 F.3d 228, 231 (6th Cir. 2015) (stating "[28 U.S.C.] § 1654 does not permit plaintiffs to appear *pro se* where interests other than their own are at stake") (internal quotation marks omitted).

Finally, Lucia lacks standing to proceed with this action in her own right. A party must assert her own legal rights and interests, and cannot rest her claim to relief on the legal rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Allstate Ins. Co. v. Wayne Cnty.*, 760 F.2d 689, 693 (6th Cir. 1985). The fact that Lucia may be collaterally affected by the adjudication of her husband's rights does not necessarily extend the Court's Article III powers to her. *Allstate Insurance Co.*, 760 F.2d at 692.

Lucia has not met the requirements to proceed as a next friend for Martinez, is not a licensed attorney who can represent Martinez in Court, and lacks standing to bring Martinez's claims before the Court. As only her signature appears on the Petition, the Court lacks jurisdiction to entertain this matter.

For the foregoing reasons, good cause appearing, it is

ORDERED that this action is dismissed without prejudice pursuant to 28 U.S.C. § 2243. Martinez may file a Petition on his own behalf or through counsel. The Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 6, 2026